THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY ANDREW NEMECKAY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [50] MOTION FOR RETURN OF PROPERTY**<br><br>Case No. 2:20-cr-00278-DBB<br><br>District Judge David Barlow |

Before the court is Anna Nemeckay's motion for return of property under Federal Rule of Criminal Procedure 41(g).[1] Defendant Tim Nemeckay's former spouse, Anna Nemeckay, seeks the return of the proceeds from the sale of a house that she jointly owned with the Defendant.[2] Because Ms. Nemeckay has not shown that she is suffering irreparable harm and lacks an adequate remedy at law, the motion for return of property is DENIED without prejudice.

## BACKGROUND

In August 2020, Timothy Nemeckay was indicted on five counts of securities fraud, false statements, wire fraud, and money laundering in connection with his business Mine Shaft Brewing, LLC.[3] The United States filed a notice of intent to seek forfeiture in the indictment,[4]

---

[1] Defendant's Motion for Return of Property for Anna Nemeckay, ECF No. 50.
[2] ECF No. 50 at 1.
[3] *See* Indictment, ECF No. 1 at 8–12.
[4] *Id.* at 13.

1

and later filed a bill of particulars noting that the government sought forfeiture of real property located in Park City, Utah.[5]

In August 2021, the United States, Timothy Nemeckay, and Anna Nemeckay filed a stipulated motion for the sale of the Park City property.[6] The parties agreed Ms. Nemeckay would sell the property and the net proceeds from the sale would be held in a United States Marshal's Service account pending entry of the forfeiture order in the criminal case.[7] The stipulated motion noted that "[t]he Parties agree that nothing in this stipulation and agreement shall preclude Anna Martucci Nemeckay or any other third-party from submitting a third-party petition to the [Park City property] Net Proceeds at the appropriate time under Federal law. . . ."[8] Now, Ms. Nemeckay brings a motion under Federal Rule of Criminal Procedure 41(g) seeking half of the net proceeds from the property sale.[9]

## STANDARD

Federal Rule of Criminal Procedure 41(g) allows "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return."[10] The Tenth Circuit instructs this court to exercise Rule 41(g) jurisdiction "with caution and restraint."[11]

---

[5] First Bill of Particulars, ECF No. 44 at 1.
[6] Stipulated Motion for Interlocutory Sale of Real Property, ECF No. 45 at 1.
[7] *Id.* ¶ 6.
[8] *Id.* ¶ 10.
[9] ECF No. 50 at 1.
[10] Fed. R. Crim. P. 41(g)
[11] *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988) (considering jurisdiction under Rule 41(e), which was the former designation of current Rule 41(g) and substantively the same).

## ANALYSIS

The Tenth Circuit has made it plain that relief under Rule 41 is only available if a movant "can show irreparable harm and an inadequate remedy at law."[12]

### I. The Motion Does Not Demonstrate Irreparable Harm.

Ms. Nemeckay argues that she "is suffering irreparable harm because she is now forced to live in low-income housing. . . . resulting in anxiety and stress."[13] She provides no factual details of any kind regarding this argument. Additionally, the irreparable-harm cases she cites are generally unhelpful. Ms. Nemeckay cites cases that she argues support the contention that "emotional or psychological damage" may "demonstrate irreparable harm,"[14] but those cases neither consider irreparable harm under Rule 41(g) nor are binding authority on this court.[15]

Ms. Nemeckay cites other cases for the proposition that the "loss of one's home constitutes irreparable harm."[16] But as she notes in her motion, the loss of the property in question was going to happen either way because the Nemeckays were not making the required mortgage payments.[17] The loss of her home resulted from the Nemeckays' failure to make

---

[12] *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006). Because the court decides this motion on the core irreparable injury and inadequate remedy grounds, it does not consider at this time Ms. Nemeckay's claims that the United States was dilatory in its actions to preserve the equity in the property or the United States' argument that 18 U.S.C. § 832 and Federal Rule of Criminal Procedure 32.2 act as a bar to Ms. Nemeckay's motion.
[13] ECF No. 50 at 3, 13.
[14] *E.E.O.C. v. Chrysler Corp.*, 546 F. Supp. 54, 70 (E.D. Mich 1982) (holding that "psychological and physiological distress suffered by the claimants in an age-discrimination case could constitute irreparable harm"); *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005) (noting that "claims of emotional and physical harm may in some circumstances justify preliminary injunctive relief" but affirming the district court's decision to reject such a claim in an employment-discrimination suit); *Pollis v. New Sch. For Soc. Research*, 829 F. Supp. 584, 598 (S.D.N.Y. 1998) (rejecting the argument that "non-economic claims such as emotional or psychological damage can never, as a matter of law, demonstrate irreparable harm sufficient to justify a preliminary injunction" in an employment-discrimination case).
[15] *See id.*
[16] Reply in Support of Anna Nemeckay's Motion for Return of Property, ECF No. 55 at 5.
[17] ECF No. 50 at 7.

required mortgage payments, not from the government's current unwillingness to immediately disperse half of the proceeds of the sale of the jointly owned property.

Additionally, the nonbinding authority that Ms. Nemeckay cites stands for the proposition that the prospect of eviction and homelessness can constitute irreparable harm, not that irreparable harm consists of simply having to move into less-expensive housing. *See McNeil v. N.Y.C. Housing Auth.*, 719 F. Supp. 233, 254 (S.D.N.Y. 1989) ("The threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable injury. . . ."); *Lancor v. Lebanon Housing Auth.*, 760 F.2d 361, 363 (1st Cir. 1985) ("Furthermore, we hold that the harm to appellant of imminent eviction from her home of eight years in the absence of injunctive relief outweighs the minimal harm to appellee. . . ."); *Johnson v. U.S. Dept. of Agric.*, 734 F.2d 774, 789 (11th Cir. 1984) ("[I]rreparable injury is suffered when one is wrongfully ejected from his home. These plaintiffs suffer irreparably if they must live in inadequate, often health endangering housing for any period of time as a consequence of a wrongful ejectment."); *Edwards v. Habib*, 366 F.2d 628, 630 (D.C. Cir. 1965) (Skelly Wright, J., Concurring) ("Certainly being evicted into the street is irreparable damage."). Although Ms. Nemeckay argues that she now must live in "low-income housing," she makes no argument that she has been evicted or forced to live in dangerous conditions. The court is not persuaded by the foregoing non-binding cases addressing circumstances Ms. Nemeckay does not allege she is experiencing.[18]

---

[18] Ms. Nemeckay's Reply brief also raises a new and undeveloped argument that "she has been unconstitutionally deprived of her property." *See* ECF No. 55 at 2. The court does not consider this argument because it was raised for the first time in Reply and because it was not adequately developed.

### II. The Motion Does Not Demonstrate an Inadequate Remedy at Law

Ms. Nemeckay does not dispute that there is a process for her to assert her claim to the proceeds of the sale of the property. Indeed, there is a well-established process for a third-party to assert a claim to property in a criminal case. Instead of having their interests adjudicated upon the issuance of a preliminary order of criminal forfeiture, third parties have the opportunity to assert their rights to property in an "ancillary proceeding."[19] Ancillary proceedings are governed by 21 U.S.C. § 853(n) and allow a third party to file a petition seeking a recognition of their legal rights in the property subject to forfeiture.[20] The ancillary proceeding process provides a legal remedy for Ms. Nemeckay to assert rights in the proceeds from the sale of the house.

Ms. Nemeckay expresses understandable concern that it may take some time for that process to occur. She has been told by the Defendant that his trial may not take place for a year or more.[21] The property in question was sold in late September 2021 and funds were disbursed then or shortly thereafter.[22] Ms. Nemeckay undoubtedly would benefit by having access to any funds to which she may be entitled now, rather than having to wait for the normal process to take place.

The court is sympathetic to these concerns. But because Ms. Nemeckay has not demonstrated irreparable harm and does not make a clearly distinct inadequate remedy at law argument, much less one supported by apposite, binding case law, her motion must be denied.[23]

---

[19] Fed. R. Crim. P. 32.2(c).
[20] 21 U.S.C. § 856(n)(1)–(7).
[21] ECF No. 50 at 13.
[22] *Id.* at 9–10.
[23] Though it plays no role in this decision, the court also notes two additional difficulties. First, if the standard were met and the court were to hear Ms. Nemeckay's claims to the proceeds now, it would not have the benefit of the factual record that would be developed at trial. If there are other third-party claimants to the proceeds, they will not have had notice to make their claims. Finally, the court notes that Ms. Nemeckay has expressed some concern that

The Tenth Circuit has made it plain that this court should exercise Rule 41(g) jurisdiction "with caution and restraint."[24] Relief only is available when the movant shows irreparable harm and an inadequate remedy at law. As noted above, these conditions have not been met.

## ORDER

The motion for return of property is DENIED without prejudice.

Signed December 16, 2021.

BY THE COURT

_David Barlow_
United States District Judge

---

she may be charged in this case. The hearing which Ms. Nemeckay seeks would involve her testifying and would expose her to cross-examination.
[24] *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988).