THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY ANDREW NEMECKAY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [74] DEFENDANT'S MOTION TO RELEASE FUNDS AND/OR REQUEST FOR *MONSANTO* HEARING**<br><br>Case No. 2:20-cr-00278-DBB<br><br>District Judge David Barlow |

The matter before the court is Defendant Timothy Andrew Nemeckay's ("Mr. Nemeckay") Motion to Release Funds and/or Request for *Monsanto* Hearing.[1] Having considered the briefing and relevant law, the court finds that oral argument is unnecessary.[2] For the reasons below, the court denies the motion without prejudice.

### BACKGROUND

Mr. Nemeckay and his former spouse Anna Nemeckay ("Ms. Nemeckay") (collectively the "Nemeckays"), purchased property in Park City, Utah (the "Polar Way Property") in August 2006 as joint tenants.[3] Mr. Nemeckay obtained a mortgage and the Nemeckays made payments from a joint account.[4] On August 26, 2020, a grand jury indicted Mr. Nemeckay for securities fraud, wire fraud, money laundering, and making false statements to the SEC in connection with

---

[1] Mot. to Release Funds and/or Request for *Monsanto* Hr'g ("Mot. for Hr'g"), ECF No. 74, filed Oct. 19, 2022.
[2] *See* DUCrimR 12-1(i).
[3] Decl. of Anna Nemeckay in Support of Her Mot. for Return of Prop. ("Ms. Nemeckay Decl.") ¶ 6, ECF No. 51, filed Oct. 12, 2021; Deed of Trust, ECF No. 50-2, filed Oct. 12, 2021.
[4] Ms. Nemeckay Decl. ¶¶ 6–7, 9.

his company, Mine Shaft Brewing, LLC ("Mine Shaft").[5] The United States submitted a notice of intent to seek forfeiture of "any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud" upon Mr. Nemeckay's conviction.[6] Later, the United States filed a *lis pendens* on the Polar Way Property, seeking forfeiture.[7]

In July 2021, the United States and the Nemeckays entered into a stipulated motion for interlocutory sale of the Polar Way Property.[8] The parties agreed that "there [wa]s good cause for interlocutory sale . . . to preserve the remaining value of the . . . Property pending resolution of th[e] criminal case"; that after payment of costs associated with the sale, taxes, and liens, "the remaining proceeds . . . shall be transmitted to, and held by, the United States Marshal's Service . . . pending entry of th[e] Court's forfeiture order"; and that the net proceeds "shall be substitute res . . . , and the criminal forfeiture of the [net proceeds] shall proceed as if they were the . . . Polar Way Property."[9] The court approved the motion.[10]

On October 12, 2021, Ms. Nemeckay moved for the return of her half of the proceeds from the sale of the Polar Way Property.[11] The court denied her motion without prejudice on December 16, 2021.[12] Ms. Nemeckay filed a renewed motion on August 26, 2022.[13] The United States and Ms. Nemeckay entered into a settlement agreement that the court approved.[14] In the agreement, which was also signed by Mr. Nemeckay, the parties decided that Ms. Nemeckay

---

[5] Indictment 1–2, 8–12, ECF No. 1, filed Aug. 26, 2020.
[6] *Id.* at 13.
[7] ECF No. 42. The United States also provided Mr. Nemeckay notice in the Bill of Particulars that it would seek forfeiture of the Polar Way Property. *See* ECF No. 44.
[8] Stipulated Mot. for Interlocutory Sale of Real Prop. ("Interlocutory Sale"), ECF No. 45, filed July 14, 2021.
[9] *Id.* ¶¶ 5, 7, 9, 12.
[10] Order Granting Mot. for Interlocutory Sale 3, ECF No. 46, filed July 15, 2022.
[11] Anna Nemeckay's Mot. for Return of Prop., ECF No. 50, filed Oct. 12, 2021.
[12] ECF No. 56.
[13] ECF No. 66.
[14] ECF No. 77.

would receive one-half of the proceeds from the Polar Way Property but accepted that the other half would "stay on deposit with the United States as substitute res for the . . . Polar Way Property . . . and . . . remain[] subject to forfeiture in th[e] criminal case."[15]

On October 19, 2022, Mr. Nemeckay filed the instant Motion to Release Funds and/or Request for *Monsanto* Hearing.[16] The United States filed a response on November 2, 2022.[17] Mr. Nemeckay has not filed a reply and the time for doing so has passed.[18]

## DISCUSSION

Mr. Nemeckay contends that the government's refusal to release his half of the proceeds from the sale of the Polar Way Property violates his Sixth Amendment right to hire counsel of his choosing. Specifically, he argues that the government has not met its burden to show that the funds are tainted or traceable to the crimes alleged in the Indictment.[19] He argues that a *Monsanto* hearing is required.[20] In support, he asserts that he and his former spouse purchased the property eight years before he founded Mine Shaft and seven years before the alleged scheme to defraud.[21] Additionally, he states that the mortgage payments were made from a joint checking account where both he and Ms. Nemeckay contributed funds.[22]

---

[15] Settlement Agreement Regarding Anna Nemeckay's Third-Party Claim ("Settlement Agreement") 5–6, ECF No. 76, filed Oct. 21, 2022.
[16] Mot. for Hr'g.
[17] United States' Resp. to Def. Mot. to Release Funds ("Resp."), ECF No. 78, filed Nov. 2, 2022.
[18] *See* ECF No. 87 (extending time for a reply to December 19, 2022); Docket, *United States v. Nemeckay*, 2:20-cr-00278 (D. Utah, filed Aug. 26, 2020) (no reply filed).
[19] Mot. for Hr'g 6.
[20] *Id.* at 4 (citing *Kaley v. United States*, 571 U.S. 320, 323 (2014)). A *Monsanto* hearing is a "post-restraint, pre-trial hearing to challenge whether probable cause supports the seizure of assets." *United States v. Kingston*, 515 F. Supp. 3d 1196, 1201–02 (D. Utah 2021).
[21] Mot. for Hr'g 5; Ms. Nemeckay Decl. ¶ 6. Mr. Nemeckay cites *Luis* for the proposition that the court can utilize tracing rules to distinguish between tainted and innocent funds. Mot. for Hr'g 5 (citing *Luis v. United States*, 578 U.S. 5, 22 (2016)).
[22] Mot. for Hr'g 5–6.

For its part, the United States contends that Mr. Nemeckay's proceeds from the sale of the Polar Way Property are tainted, that he has no right to use tainted funds to hire counsel, and that he has not made out a prima facie case for a *Monsanto* hearing. The United States first distinguishes substitute property—which is "property that neither comprises fruits of nor is connected to the defendant's crime"—from tainted property.[23] Next, the government contends that "the law remains that assets tainted by or connected to the crime may be seized or frozen before and after trial."[24] The government thus argues that the proceeds from the sale of the Polar Way Property, as substitute res for the property itself, are tainted and subject to forfeiture, and so unavailable for Mr. Nemeckay's use in hiring counsel.[25]

Regarding a *Monsanto* hearing, the United States contends that Mr. Nemeckay has not met his burden to challenge forfeitability in a hearing.[26] According to the government, to obtain a hearing, a defendant must make a threshold showing that he has no available untainted assets to hire counsel and that some evidence shows the government's error in its probable cause analysis.[27] The United States argues that Mr. Nemeckay cannot make a showing under the first factor and so he fails to meet his burden.[28]

### A. Mr. Nemeckay Cannot Use His Half of the Proceeds to Hire Private Counsel.

The court notes the parties' agreement on two points. First, the Sixth Amendment provides the criminally accused the right of counsel for his defense, which includes the right to

---

[23] Resp. 6 (citing *Jarvis*, 499 F.3d 1196).
[24] *Id.* (citing *Luis*, 578 U.S. at 12–13). The United States asserts that the forfeiture statute, 21 U.S.C. § 853(c), permits it to restrain tainted property before conviction. *See id.* at 8–9.
[25] *See id.* at 9–11.
[26] *Id.* at 12.
[27] *Id.* (citing *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998); *United States v. Jamison*, 427 F.3d 394, 406 n.3 (6th Cir. 2005); *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001)).
[28] *See id.* at 13–16.

choose counsel that the defendant can afford.[29] Next, the parties agree that the "pretrial restraint of *legitimate, untainted* assets needed to retain counsel of choice violates the Sixth Amendment."[30] Thus, the issue resolves to the status of Mr. Nemeckay's proceeds from the sale of the Polar Way Property. The court finds that the record to date suggests that the funds are tainted and not usable by Mr. Nemeckay to hire counsel.

The government's pre-conviction seizure of innocent property, "neither traceable to nor obtained as a result of the crime," interferes with a defendant's right to hire counsel.[31] Yet "[p]ermitting a defendant to use assets for his private purposes that, under [21 U.S.C. § 853(c)], will become the property of the United States if a conviction occurs cannot be sanctioned."[32] In other words, the government has a superior interest in tainted assets to "justify the property's pretrial restraint."[33] Consequently, the government may properly restrain a defendant's tainted funds before conviction even if the defendant wants to use the funds to hire private counsel.

That appears to be the case here. The United States included a notice of forfeiture in the Indictment,[34] filed the applicable Bill of Particulars,[35] and recorded a *lis pendens* against the Polar Way Property.[36] Mr. Nemeckay has not challenged the *lis pendens*.[37] Even accepting the

---

[29] *Luis*, 578 U.S. at 12 ("The Government cannot, and does not, deny [defendant]'s right to be represented by a qualified attorney whom she chooses and can afford."); U.S. Const. amend. VI; *see Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989) ("[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire[.]").
[30] *Luis*, 578 U.S. at 10 (emphasis added).
[31] *United States v. Peters*, No. 19-4718, 2021 WL 4099907, at *2 (4th Cir. Sept. 9, 2021), *cert. denied*, 142 S. Ct. 836 (2022); *see Luis*, 578 U.S. at 23 ("[T]he defendant . . . has a Sixth Amendment right to use her own 'innocent' property to pay a reasonable fee for the assistance of counsel.").
[32] *United States v. Monsanto*, 491 U.S. 600, 613 (1989); *see Peters*, 2021 WL 4099907, at *2 ("A defendant does not have a Sixth Amendment right to use tainted, forfeitable assets to hire counsel of his choice." (citing *Caplin & Drysdale*, 491 U.S. at 631)).
[33] *Luis*, 578 U.S. at 16 (citing *Caplin & Drysdale*, 491 U.S. at 627); *see* 21 U.S.C. § 853(c), (e).
[34] Indictment 13.
[35] ECF No. 42.
[36] ECF No. 44.
[37] *See* Docket.

fact that the Nemeckays bought the property before the purported scheme to defraud, the Indictment alleges that proceeds from the purported criminal activity went to the property's mortgage.[38] Mr. Nemeckay has previously agreed and stipulated that the Polar Way Property and his half of the sale proceeds are forfeitable.[39] For these reasons, Mr. Nemeckay's conclusory assertions in his current motion are insufficient to suggest that the proceeds may be innocent.[40]

### B. Mr. Nemeckay Has Not Met His Burden to Receive a *Monsanto* Hearing.

"Since *Monsanto*, . . . lower courts have generally provided a hearing to any indicted defendant seeking to lift an asset restraint to pay for a lawyer."[41] However, "[d]ue process does not automatically require a hearing and a defendant may not simply ask for one."[42] A defendant may receive a *Monsanto* hearing by making two threshold showings: (1) a showing "that she has no assets, other than those restrained, with which to retain private counsel and provide for herself and her family"; and (2) "a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the [charged crime]."[43] If a defendant "satisfies these initial burdens, due process requires a district court to conduct an adversarial hearing at which the government must establish probable cause to believe that the restrained

---

[38] *See* Indictment ¶ 13 (alleging criminal activity between 2013 and 2020); Nemeckay Mortgage Payments, ECF No. 50-5, filed Oct. 12, 2021 (showing mortgage payments between 2014 and 2020 from the Nemeckay's joint account).
[39] *See* Interlocutory Sale ¶ 12; Ex. A ¶ 5, Settlement Agreement.
[40] *E.g.*, Mot. for Hr'g 6 ("Mr. Nemeckay asserts that the proceeds of the home's sale are untainted, and thus, innocent.").
[41] *Kaley*, 571 U.S. at 324.
[42] *Jones*, 160 F.3d at 647.
[43] *United States v. Kahn*, 890 F.3d 937, 940 (10th Cir. 2018) (quoting *Jones*, 160 F.3d at 647); *see also Farmer*, 274 F.3d at 804.

assets are traceable to the underlying offense."[44] Under the first prong, the court also considers a defendant's family's assets.[45]

Mr. Nemeckay has not met his threshold burden to show that he and his family have insufficient assets, discounting the proceeds from the property's sale, with which to hire counsel. In conjunction with his motion, he has not disclosed financial records or submitted an affidavit, let alone offered any evidence, as to his financial condition. He asserts only that the court must "schedule a *Monsanto* hearing at its earliest convenience."[46] This bare assertion is not enough to carry defendant's burden on the first factor. And though a defendant must make both initial showings, there is no need to analyze the second factor when his motion founders on the first.

## ORDER

Accordingly, Defendant's Motion to Release Funds and/or Request for *Monsanto* Hearing[47] is DENIED without prejudice.

Signed December 21, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[44] *Jones*, 160 F.3d at 647.
[45] *See id.*; *United States v. Nichols*, 841 F.2d 1485, 1505 n.11 (10th Cir. 1988).
[46] Mot. for Hr'g 6.
[47] ECF No. 74.